[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-13025
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00048-WCO-SSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE OLVERA-ESTRADA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 17, 2013)


Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Olvera-Estrada appeals the 24-month prison sentence he received after

he pled guilty to illegal reentry by a previously deported alien. *See* 8 U.S.C. §

1326(a) & (b)(2). He contends that the sentence is substantively unreasonable because the district court failed to give sufficient weight to his arguments that his criminal history category overrepresented the seriousness of his criminal past and that he had compelling reasons for returning to this country after being deported. Following review, we affirm.

## I.

After he was arrested for giving false information and identification to a state law enforcement officer, Mr. Olvera-Estrada was charged with one count of illegal reentry. He pled guilty, and the presentence investigation report calculated his total offense level at 13: a base level of 8, an 8-level enhancement for a prior felony conviction of theft by receiving a stolen car, and a 3-level reduction for acceptance of responsibility. The report also detailed his past criminal behavior, which included obstructing police, violating the terms of his probation (twice, resulting in a revocation both times), violating numerous traffic laws, and committing two felonies.

Mr. Olvera-Estrada's first felony occurred when he was found to be driving a stolen car during a traffic stop; the second occurred when, while awaiting trial for his first felony, he escaped from custody by walking away from his work release assignment. Following his escape, Mr. Olvera-Estrada remained on the run until he was stopped for another driving infraction a month later. These details, along with

the fact that he was still on probation when he was discovered to have illegally reentered, put Mr. Olvera-Estrada in criminal history category IV.

Together, his total offense level and his criminal history category resulted in an advisory guidelines range of 24 to 30 months. At the sentencing hearing, Mr. Olvera-Estrada requested a below-guidelines sentence of 18 months. He argued that his criminal history category overrepresented the seriousness of his criminal past because he had committed mostly minor offenses and was not on "par" with other defendants who would qualify for category IV (like, for example, a two-time armed bank robber). Mr. Olvera-Estrada also argued that he returned to the United States for compelling reasons: to earn money for his sick mother in Mexico and to avoid a drug cartel he feared because he had not paid it a border-crossing fee when he originally came to this country as an eleven-year-old.

The government argued that category IV adequately reflected Mr. Olvera-Estrada's criminal history because he had violated the law many times in the few years since he turned eighteen and because all of his criminal history points were due to his own actions. It noted that the character of his convictions—escape, obstruction, probation violations, providing false information to police—coupled with his quick return after being deported indicated a lack of respect for the law, and it asked for a top-end sentence of 30 months. The district court, balancing Mr. Olvera-Estrada's "serious," "not laudatory" criminal record with the fact that he

3

had been deported only once before, sentenced him to 24 months.

## II.

We review a sentence for procedural and substantive reasonableness, using an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Mr. Olvera-Estrada does not argue that the court committed any procedural errors, such as incorrectly calculating his advisory guidelines range or wholly failing to consider the 18 U.S.C. § 3553(a) factors, and our review of the record reveals no procedural defect. We are left, therefore, with only one question: whether Mr. Olvera-Estrada's sentence is substantively reasonable. We evaluate that inquiry looking at the totality of the circumstances. *See id.*

We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010). We ordinarily expect that a sentence within the advisory guidelines range will be a reasonable one, and the party challenging that sentence bears the burden of convincing us otherwise. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

There is nothing unreasonable about Mr. Olvera-Estrada's 24-month sentence, which is the low end of his advisory guidelines range and far below the

20-year statutory maximum. *See* 8 U.S.C. § 1326(b)(2) (authorizing a prison term of up to 20 years for illegal reentry after an aggravated felony conviction). Although Mr. Olvera-Estrada contends that his criminal record is minor and does not justify a criminal history category of IV, we agree with the district court that his record is more serious than he believes it to be. Mr. Olvera-Estrada, at just 23 years old, has already committed two felonies and escaped from custody (evading capture for a month). He has shown a willingness to violate probation and to obstruct law enforcement officers. And he has accumulated enough criminal history points to qualify for category IV. The district court did not abuse its discretion in deciding that category was the correct one.

Nor did the court abuse its discretion when it determined what weight to give Mr. Olvera-Estrada's motive for returning to the United States illegally. Mr. Olvera-Estrada may disagree with how much value the court gave his reasons, but, despite his suggestion to the contrary, it is clear that the court considered them when arriving at its sentence. In fact, the sentencing transcript shows that the court asked specific questions about Mr. Olvera-Estrada's argument that he returned to earn money to support his sick mother. Although Mr. Olvera-Estrada contends that the court "failed to give sufficient weight" to his compelling reasons for returning to this country illegally, we "will not substitute our judgment in weighing the relevant factors." *See United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir.

5

2006). We leave the weight to be given to any particular § 3553(a) factor to the sound discretion of the district court, absent a clear error of judgment. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

We see no clear error of judgment here, where the court weighed the parties' arguments, Mr. Olvera-Estrada's criminal record, and the § 3553(a) factors (including the need for deterrence and the need to sentence similar defendants similarly) and determined that a low-end guidelines sentence was appropriate. As we have noted, we expect that a sentence within the advisory guidelines range will ordinarily be a reasonable one. We believe that to be true of the 24-month, guidelines sentence the district court imposed in this case. And, at least at the sentencing hearing, Mr. Olvera-Estrada appeared to agree: his counsel asked the court to impose a "low end or below" sentence after arguing that "a sentence at the low end of the range or below is the appropriate sentence." We think he was correct, and the district court did not abuse its discretion in giving him the lower alternative sentence.

## III.

Mr. Olvera-Estrada's 24-month sentence is affirmed.

**AFFIRMED.**

6